UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADARRIAN BUCKNER, | No. 2:21-cv-1922 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  On December 20, 2021, it was recommended that his action be dismissed based on plaintiff's failure to comply with the November 2, 2021 order.  On March 17, 2022, plaintiff, who had been transferred to state custody, filed an amended complaint and a motion to proceed in forma pauperis.  Therefore, the findings and recommendations are vacated.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's amended complaint is now before the court. As set forth below, plaintiff's pleading is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

2

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Amended Complaint

In his original complaint, plaintiff brought claims against defendants at the Sacramento County Jail, but now names the State of California in the caption of his amended complaint. However, plaintiff names no individuals as defendants in the defendants' section of his pleading. As a statement of his claim, plaintiff writes: "I feel I'm having my rights as a human being violated by authority. . . Excessive force used by authority using electronic devices of some sort." (ECF No. 8 at 4.) As relief, plaintiff seeks an order providing a fixed income or a letter recommending plaintiff receive social security disability or authorization for settlement for pain and suffering. (Id.) Plaintiff demands one million dollars, but states he is willing to settle for $500,000. (ECF No. 8 at 6.)

Discussion

Plaintiff names the State of California as a defendant in the caption of his pleading. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, any putative claims against the State of California are frivolous and must be dismissed.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.[1] The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

---

[1] Plaintiff is advised that if he seeks social security disability benefits, he must apply directly to Social Security for such benefits. This court does not issue recommendation letters for litigants.

name the individual plaintiff contends violated his constitutional rights.  Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court, however, grants leave to file a second amended complaint.

Plaintiff does not allege facts supporting an Eighth Amendment excessive force claim.  However, in an abundance of caution, plaintiff is advised that the following legal standards apply to an excessive force claim.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, we look to the "extent of the injury. . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321).  While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Hudson, at 9 (citing Whitley, at 327).

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior pleading is superseded.

Finally, plaintiff must use the court's form for filing a civil rights complaint by a prisoner, and specifically identify each individual named as a defendant in the defendant's section of the second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The December 20, 2021 findings and recommendations (ECF No. 7) are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's amended complaint (ECF No. 8) is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Second Amended Complaint.

Plaintiff's second amended shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second

Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

     6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: April 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/buck1922.14amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADARRIAN BUCKNER,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>  Defendants. | No.  2:21-cv-1922 JAM KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____     Second Amended Complaint

DATED:

_____
Plaintiff

1