UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADARRIAN BUCKNER, | No. 2:21-cv-1922 JAM KJN P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is before the court. As discussed below, plaintiff fails to state a cognizable civil rights claim, and this action should be dismissed without leave to amend.

Plaintiff's Second Amended Complaint

Plaintiff claims that three defendants, correctional officers at the Sacramento County Jail, all slandered plaintiff prior to his conviction, causing plaintiff pain and suffering. (ECF No. 19.) Plaintiff seeks money damages.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Discussion

Plaintiff's defamation claim, based on his allegation of slander, the oral form of defamation of character, is not cognizable under 42 U.S.C. § 1983.[1] Despite using the court's complaint form, plaintiff identifies no violation of his rights under federal law or the U.S. Constitution. Defamation, standing alone, does not state a constitutional claim, even when done under color of state law. See Paul v. Davis, 424 U.S. 693, 701-10 (1976); Rutledge v. Arizona Board of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460

---

[1] Rather, plaintiff's slander claim, if any, arises under state law. See, e.g., Shively v. Bozanich, 31 Cal.4th 1230, 1241-42, 7 Cal.Rptr.3d 576 (Cal. 2003) (defining slander as a "false and unprivileged oral communication attributing to a person . . . certain unfavorable characteristics or qualities").

U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction over claim of slander by police officer because no violation of federal right). Accordingly, plaintiff's defamation claim must be dismissed for failure to state a claim for relief.

Because plaintiff alleges no separate cognizable federal claim, as explained above, and has now twice failed to do so, plaintiff's second amended complaint should be dismissed without prejudice, but without further leave to amend. Such amendment would be futile in the absence of the violation of a federal right.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint be dismissed without prejudice, but without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 26, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/buck1922.56.sl